UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JULIO DAVID ALPHONSO, | ) | |
| Petitioner, | ) | 2:13-cv-00106-JCM-PAL |
| vs. | ) | **ORDER** |
| TAMYRA JARVIS, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a prisoner incarcerated in a federal facility in Florida. Petitioner paid the filing fee for this action when he filed the petition. (ECF No. 1).

Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." *See* 28 U.S.C. § 2254(a). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing the petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). Custody is determined at the time the petition is filed. *See Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The custody requirement is satisfied if the petitioner is in "custody" when the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968). Thereafter, jurisdiction may survive with the presence of collateral consequences which satisfy the case or controversy requirement. *Id.* at 238. However,

1  collateral consequences are insufficient in themselves to constitute custody if the conviction has expired
2  at the time the petition is filed. *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005). The merely
3  possibility of collateral consequences at the time the petition is filed will not satisfy the custody
4  requirement. *Maleng*, 490 U.S. at 492. A habeas petitioner is not "in custody" under a conviction after
5  the sentence imposed for it has fully expired, even though it may possibly be used to enhance a
6  subsequent sentence. *Maleng*, 490 U.S. at 492.

7  Petitioner states in the federal habeas petition that he served three years in the Nevada State
8  Prison for a conviction of trafficking in a controlled substance. (ECF No. 1, at p. 10). Petitioner states
9  that, as to the conviction he challenges, in Nevada state case number C92829, the "sentence has been
10 served already." (ECF No. 1, at p. 10). Although petitioner is currently incarcerated in a federal prison
11 in Florida, petitioner is not currently incarcerated under the judgment and sentence which he challenges
12 in his petition. The United States Supreme Court has held that the "in custody" requirement is not met
13 when the petitioner filed a petition after the sentence imposed was fully expired, even where the sentence
14 was used to enhance a future sentence. *Maleng*, 490 U.S. at 490-91. The Supreme Court in *Maleng*
15 found that, once a criminal sentence is completely expired, "the collateral consequences are not
16 themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."
17 *Maleng*, 490 U.S. at 492. In the instant case, petitioner's criminal sentence for the Nevada conviction
18 has expired. As such, petitioner does not fulfill the "in custody" requirement required when filing a
19 federal habeas corpus petition. 28 U.S.C. § 2254(a); s*ee Maleng*, 490 U.S. at 492. The petition is
20 therefore dismissed with prejudice for lack of subject matter jurisdiction.

21 **IT IS THEREFORE ORDERED** that the petition is **DISMISSED WITH PREJUDICE**.

22 **IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason
23 would not find the dismissal of this action to be debatable or wrong.

24 . . .

25

26

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated April  5  , 2013.

_/s/ James C. Mahan_
UNITED STATES DISTRICT JUDGE